IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED
APR 24 2001
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ERNESTO URIBE-DELEON, | § | |
| Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-01-027 |
| VS. | § | |
| | § | CRIMINAL NO. B-96-251 |
| UNITED STATES OF AMERICA, | § | |
| Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is Ernesto Uribe-DeLeon's ("Uribe-DeLeon") habeas corpus petition filed pursuant to 28 U.S.C. § 2255. (Docket No. 1). The government has filed a Motion to Dismiss (Docket No. 3) which, for the reasons set forth below, should be granted.

## BACKGROUND

According to his forty-five page petition prepared by a "legal advocate" Uribe-DeLeon was indicted in 1996 in B-96-CR-251 and charged along with others with drug offenses. His case was not resolved until 1998. During the intervening years Uribe-DeLeon was a fugitive, but the authorities were not diligent in their attempts to arrest him. In 1998, Uribe-DeLeon sought dismissal of the charges pending against him on the grounds that his right to a speedy trial had been violated. After a hearing the court found that while the government's efforts, or more properly stated lack of effort, to arrest Uribe-DeLeon left much to be desired his speedy trial rights had not been violated. The Motion to Dismiss was denied. Uribe-DeLeon entered a conditional guilty plea and was sentenced to 77 months, an SRT of five years and a $100.00 special assessment.

The Fifth Circuit, in an unpublished opinion, affirmed the conviction and sentence on March 23, 2000.

## THE § 2255 PETITION

The Petition raises two issues:

1. Were Uribe-DeLeon's Fifth Amendment due process rights violated because of the delay in trying him?

2. Was his trial counsel ineffective for failing to challenge the PSR assessment that his role in the offense was aggravated and failing to move for a downward departure?

3. Was his appellate counsel ineffective for failing to raise the sentencing issues on appeal?

## RECOMMENDATION

The Fifth Circuit addressed the speedy trial issue raised by Uribe-DeLeon in this petition.[1] Its decision was that the district court did not err it its determination that the delay in bringing Uribe-DeLeon to trial did not infringe on his Sixth Amendment rights. This decision is not subject to review in a habeas proceeding. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.) *cert. denied*, 476 U.S. 1118).

Uribe-DeLeon next contends that both his trial and appellate counsel were ineffective for failing to raise any sentencing issues. After an analysis of Uribe-DeLeon's criminal history and his role in the offense, the Pre Sentence Report concludes that the offense level was 25 and his criminal history category was III. The guideline range was 70 to 87 months. The sentence fell slightly below the middle of that range.

The yardstick by which counsel's performance is measured is the well known *Strickland v. Washington*, 466 U.S. 668, (1984) standard; was counsel's performance deficient and was the

---

[1] The Fifth circuit's unpublished opinion styled *United States of America v. Ernesto Uribe-DeLeon* No. 99-40136 is attached as an Exhibit to the government's Response and Motion to Dismiss.

defendant prejudiced by that deficiency.

A review of the Pre Sentence Report and its findings with respect to Uribe-DeLeon's role in the offense and his criminal history provide absolutely no basis for Uribe-DeLeon's contention that his trial counsel was deficient in failing to seek a downward departure.

In like manner, appellate counsel's claimed deficiencies are equally illusory. The United Supreme Court has recently held that the trial court's application of the guidelines is measured by the clearly erroneous standard. *Buford v. United States* ---U.S.---, 126 S.Ct. 1276 (2001). Appellate counsel wisely decided to focus on the one issue with any possible merit, the speedy trial issue. His performance was not deficient.

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED**. IT IS FURTHER RECOMMENDED that Ernesto Uribe-DeLeon's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 24th day of April, 2001.

John Wm. Black
United States Magistrate Judge